IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 09-60756-CIV-COHN-SELTZER

GLOBAL AEROSPACE, INC.,

      Plaintiff,

vs.

PLATINUM JET MANAGEMENT,
LLC, et al.,

      Defendants.

_____/

## ORDER DENYING MOTIONS TO STAY

**THIS CAUSE** is before the Court on Defendant Andre Budhan's Motion
Requesting a Stay of Proceedings [DE 26] ("Budhan Motion to Stay") and Defendant
Brien McKenzie's Motion to Stay this Action Pending Resolution of a Parallel Criminal
Prosecution in the District of New Jersey [DE 30] ("McKenzie Motion to Stay").[1]  The
Court has considered the Motions to Stay, Plaintiff's Opposition [DE 40], Defendant
McKenzie's Reply [DE 48], the record in this case, and is otherwise advised in the
premises.

### I.  BACKGROUND

This action arises from the crash of a corporate jet operated by Defendant
Platinum Jet Management, LLC ("Platinum Jet") at Teterboro Airport on February 2,
2005.  Global Aerospace, Inc. ("Global"), the agent and manager for a group of
underwriters that provided insurance for Platinum Jet in connection with the crash, filed

---

[1]    In addition, on August 16, 2009, Defendant Francis Vieira filed a Motion to
Adopt Co-Defendant McKenzie's Motion to Stay Action [DE 52] ("Vieira Motion to
Stay").

the instant lawsuit on May 21, 2009.  The Complaint alleges that Platinum Jet and six of

its former employees misled Global about the circumstances surrounding the accident.

(Compl. ¶ 1).  Global also alleges that Defendants conspired with each other and third

parties "to impede Global's investigative efforts for the purpose of obtaining insurance

coverage benefits."  (Id.).  A federal grand jury recently indicted certain Platinum Jet

employees for criminal acts in connection with the crash at issue and many of the

allegations in the Complaint are based on that indictment.  Global seeks a declaration

that Defendants are not entitled to insurance coverage benefits for any liability arising

out of the crash.  (Id.).  In addition, Global seeks indemnification for all amounts that

Global previously paid to defend and settle claims related to the crash.  (Id.).  Instead of

responding to the Complaint, certain Defendants moved to stay this proceeding until

resolution of the parallel criminal prosecution in New Jersey.

## II.  ANALYSIS

District courts possess the inherent power to stay a case.  See, e.g., Landis v.

North American Co., 299 U.S. 248, 254-55 (1936).  Federal courts have recognized that

the interests of justice may require a stay where parallel civil and criminal proceedings

jeopardize a party's constitutional privilege against self-incrimination.  See United

States v. Kordel, 397 U.S. 1, 11-12 (1970).  "The [F]ifth [A]mendment privilege against

self-incrimination permits a person 'not to answer official questions put to him in any

other proceeding, civil or criminal, formal or informal, where the answers might

incriminate him in the future criminal proceedings.'"  Securities & Exchange Comm. v.

Wright, 261 Fed. Appx. 259, 262-263 (11th Cir. 2008) (quoting Erwin v. Price, 778 F.2d

668, 669 (11th Cir. 1985)).

The Eleventh Circuit has articulated a narrow set circumstances which require that a stay be granted.  In <u>United States v. Lot 5, Fox Grove, Alachua County, Fla.</u>, 23 F.3d 359, 363-65 (11th Cir. 1994) ("Lot 5"), the court set forth the following principles of law with respect to a stay of a civil action pending resolution of a related criminal action:

> [A] blanket assertion of the privilege is an inadequate basis for the issuance of a stay.  Rather, a court must stay a civil proceeding pending resolution of a related criminal prosecution only when "special circumstances" so require in the "interests of justice."

<u>Id.</u> at 364 (citations omitted).  "Special circumstances" may be established where there is "record evidence suggesting the Government had brought the civil case solely to obtain evidence for the criminal prosecution or that the criminal case . . . was unconstitutional or inappropriately instituted." <u>Wright</u>, 261 Fed. Appx. at 263.  "The very fact of a parallel criminal proceeding does not alone constitute 'special circumstances.'" <u>In re Blankenship</u>, --- B.R. ---, 2009 WL 1607909, *4 (Bankr. N.D. Ala. June 8, 2009).

The law in the Eleventh Circuit requires consideration of whether, as a result of invoking the privilege, the defendant faces certain loss of the civil proceeding on summary judgment if the civil proceeding were to continue.  <u>Id.</u>; <u>see also</u> <u>Pervis v. State Farm Fire & Casualty Co.</u>, 901 F.2d 944 (11th Cir. 1990).  Under this standard, a defendant must show that invocation of the privilege in the instant matter will result in certain loss by automatic summary judgment.  <u>United States v. Two Parcels of Real Property</u>, 92 F.3d 1123, 1129 (11th Cir. 1996); <u>Lot 5</u>, 23 F.3d at 364 ("The court may deny a stay so long as the privilege's invocation does not compel an adverse judgment against the claimant.").  This must be an actual adverse judgment, and not "merely the loss of the defendant's most '"effective defense."' <u>Shell Oil Co. v. Altina Associates,</u>

Inc., 866 F.Supp. 536, 540-41 (M.D. Fla. 1994) (quoting Pervis, 901 F.2d at 946-47)).

In this case, Defendants have not yet asserted the privilege in response to discovery, therefore, it is impossible to determine if the assertion will automatically give rise to liability subjecting Defendants to an unfavorable disposition.  The Plaintiff must still carry the burden of proving all of the elements of the claims raised in the Complaint, and Defendants have not shown that they cannot challenge the Plaintiff's allegations through expert testimony, or other evidence, without exposing Defendants to the risk of incrimination.  Moreover, this case is not yet in a procedural posture for judgment to be entered against any of the Defendants which are seeking a stay.

The McKenzie Motion to Stay provides the most comprehensive presentation of the arguments in favor of a stay.  The McKenzie Motion to Stay argues that "because the civil and criminal actions are premised on the same underlying facts and circumstances, Mr. McKenzie's constitutional rights under the Fifth Amendment will be compromised severely if the actions are allowed to proceed simultaneously." (McKenzie Motion to Stay at 2).  Further, "all of the other civil defendants are also charged in the federal criminal proceeding and each has his own Fifth Amendment privilege which will preclude McKenzie from calling them as defense witnesses in the civil actions. thereby, guaranteeing that judgment will be entered against him."  (Id.). Defendants' attempts to stay the proceedings at this early stage is akin to a "blanket assertion" of the Fifth Amendment privilege, which, as set forth above, is insufficient to support a stay.

In addition, McKenzie argues that Plaintiff will not be prejudiced by the stay. (Id.).  However, Plaintiff's Opposition states that "Global is currently defending Platinum

4

Jet in three on-going civil litigations arising out of the airplane crash." (Opposition at 6). Accordingly, the Opposition contends that "until Global obtains a declaratory judgment of non-coverage, Global must continue to defend or risk [ ] bad faith claims by unilaterally withdrawing from the underling litigations." (Id.). The Court finds that such circumstances further support denial of the Motions to Stay at this time.

Each Defendant is free to exercise his "Fifth Amendment rights by not presenting evidence which would implicate" him in the criminal proceeding. Shell Oil, 866 F.Supp. at 540. The Court acknowledges that Defendants' invocation of their Fifth Amendment privilege will allow the Plaintiff to argue that an adverse inference be drawn against them as to that information on which they choose to remain silent. Baxter v. Palmigiano, 425 U.S. 308, 317-18 (1976). However, under the standard set by the Eleventh Circuit, the mere possibility of disadvantage in a civil proceeding, such as that which might result from this adverse inference, is insufficient to justify a stay at this point in the proceeding. See Securities & Exchange Comm. v. Rehtorik, 755 F.Supp. 1018 (S.D. Fla. 1990) (stay denied where court found that defendants' exercise of Fifth Amendment rights would not give rise to automatic liability); Shell Oil, 866 F.Supp. at 541-42 (stay denied where defendant invoking privilege would not be subject to summary disposition as a result).

If at a later stage, when the record is more fully developed, after Defendants assert their defenses to the Complaint and actually invoke their Fifth Amendment privilege in response to particular discovery requests or questions, and if it appears that because of the invocation of their privilege against self-incrimination it will result in a certain loss by automatic summary judgment, Defendants may reassert their Motions to Stay.

5

### III.  CONCLUSION

For the reasons stated above, it is hereby **ORDERED AND ADJUDGED** that the

Budhan Motion to Stay [DE 26], McKenzie Motion to Stay [DE 30] and Vieira Motion to

Stay [DE 52] are **DENIED without prejudice**.

   **DONE AND ORDERED** in Chambers in Fort Lauderdale, Florida, on this 19th

day of August, 2009.

JAMES I. COHN
United States District Judge

Copies provided to:

Counsel of record via CM/ECF