IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 09-60756-CIV-COHN-SELTZER

GLOBAL AEROSPACE, INC.,

       Plaintiff,

vs.

PLATINUM JET MANAGEMENT,
LLC, et al.,

       Defendants.
_____/

## ORDER DENYING PLAINTIFF'S RENEWED MOTION FOR DEFAULT JUDGMENT AGAINST PLATINUM JET MANAGEMENT, LLC

**THIS CAUSE** is before the Court on Plaintiff's Renewed Motion for Default Judgment Against Platinum Jet Management, LLC [DE 70]. The Court has considered the Motion, Plaintiff's related submissions, the record in this case, and is otherwise advised in the premises.

This action arises from the crash of a corporate jet operated by Defendant Platinum Jet Management, LLC ("Platinum Jet") at Teterboro Airport on February 2, 2005. Global Aerospace, Inc. ("Global"), the agent and manager for a group of underwriters that provided insurance for Platinum Jet in connection with the crash, filed the instant lawsuit on May 21, 2009. Global seeks a declaration that Defendants are not entitled to insurance coverage benefits for any liability arising out of the crash. Compl. ¶ 1. In addition, Global seeks indemnification for all amounts that Global previously paid to defend and settle claims related to the crash. Id.

A federal grand jury indicted certain Platinum Jet employees for criminal acts in

connection with the crash at issue and many of the allegations in the Complaint are based on that indictment. See Ex. B to DE 1. On February 19, 2010, Plaintiff filed a motion to continue the trial which stated that "the individual defendants are still facing a related criminal prosecution, whose trial date has now been postponed until May 11, 2010." DE 96 at 2.

Global served the Complaint on Platinum Jet on May 21, 2009. See DE 11. On June 12, 2009, Illinois attorney Fred Begy filed a Special Appearance requesting an extension of time until July 3, 2009 for Platinum Jet to respond to the Complaint. See DE's 18, 19. The Court granted the extension, however, Platinum Jet did not file an Answer or otherwise respond to the Complaint by July 3, 2009. On July 13, 2009, a Clerk's Default was entered against Platinum Jet. See DE 36. Thereafter, Platinum Jet moved to set aside the Default, however, on January 28, 2010, the Court entered an Order Denying Motion to Set Aside Default. See DE 95.

In August of last year, Plaintiff filed its initial motion for default judgement against Platinum Jet on Count I of the Complaint. Specifically, Plaintiff sought a declaratory judgment by this Court ordering that Global is (1) "relieved of any and all duties to provide insurance benefits" to Platinum Jet "in conjunction with any past, present, or future claims arising from" the crash described above; and (2) "specifically relieved of its duty to defend [Platinum Jet], or pay any liability arising from" three lawsuits related to the crash. DE 49-1. Plaintiff also sought a Default Judgment against Platinum Jet and in favor of Plaintiff on Count II (Breach of Contract) of the Complaint for damages in the amount of $19,614,789.28, plus costs and interest. Global argued that such relief was warranted because the contract of insurance between Global and Platinum Jet

"provides that it does not apply to personal injury, '(4) arising out of the willful violation of a penal statute or ordinance committed by or with the consent of the insured.'" DE 50-2 ¶ 8 (quoting Ex. A to DE 50-2, Endorsement No. 3 at 2).

The Court denied Plaintiff's original motion for default judgment due to the risk of inconsistent judgments and the fact that the defenses of the Individual Defendants will be tightly-linked to those of Platinum Jet.  The Court also based it ruling on a number of decisions in which courts have withheld default judgments declaring that an insurance policy is inapplicable until the claims against the defendants who appear in the action are adjudicated.  See, e.g., Allstate Prop. and Cas. Ins. Co. v. Salazar-Castro, 2009 WL 196150 (D. Kan. Jan. 23, 2009); Safeco Ins. Co. of Am. v. Stephenson, 2007 WL 2026389 (W.D. Mo. July 9, 2007); Nautilus Ins. Co. v. I.L.S. Gen. Contractors, Inc., 369 F. Supp. 2d 906 (E. D. Mich 2005); State Farm Mut. Auto. Ins. Co. v. Jackson, 736 F. Supp. 958 (S.D. Ind. 1990).

Plaintiff sought to address the Court's concerns in the instant Motion.  Rather than focusing on the actions of the Individual Defendants, Plaintiff instead argues that "the pilots who were operating the aircraft intentionally violated certain provisions of the Code of Federal Regulations [ ], and those violations were the direct cause of the crash." DE 70 at 3.  Because the pilots were under control of Platinum Jet, Plaintiff asserts that "their actions bind Platinum Jet and trigger the exclusion in Global's policy that precludes coverage for loss arising 'out of the willful violation of a penal statute or ordinance committed by or with the consent of the insured.'" Id.  Further, Plaintiff argues that "because the operations at Platinum Jet were so inherently dangerous, any loss arising therefrom could not be an 'accident.'" Id.  Plaintiff's arguments are based

largely on a report regarding the crash prepared by the National Transportation Safety Board ("NTSB").

Despite the creativity of Plaintiff's renewed Motion, Global is still asking the Court to enter a declaratory judgment that resolves the critical issue in this case, i.e., whether the insurance policy provides coverage for the crash at Teterboro Airport. While the NTSB report is probative on this issue, it is by no means dispositive. The NTSB was not tasked with addressing the legal issues before this Court. Nor are the determinations in the report the type of conclusions that would support *res judicata* or collateral estoppel.

Accordingly, Plaintiff's renewed motion will be denied for the same reasons the Court denied the original motion. As the Court previously mentioned, information such as an adverse ruling the criminal proceedings against the Individual Defendants could support the relief Plaintiff seeks. At this time, however, the Court will again withhold entering a final default judgment against Platinum Jet.

For the reasons stated above, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Renewed Motion for Default Judgment Against Platinum Jet Management, LLC [DE 70] is **DENIED without prejudice**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 4th day of May, 2010.

JAMES I. COHN
United States District Judge

Copies provided to:

Counsel of record via CM/ECF