UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 09-60756-CIV-COHN/SELTZER

GLOBAL AEROSPACE, INC.,

       Plaintiff,

v.

PLATINUM JET MANAGEMENT, LLC,
et al.,

       Defendants.

_____/

## ORDER DENYING MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND GRANTING MOTION TO STRIKE

**THIS CAUSE** is before the Court on Defendant Platinum Jet Management, LLC's

("Platinum Jet's") Motion to Dismiss for Lack of Subject Matter Jurisdiction [DE 101]

("Motion to Dismiss").  The Court has considered the Motion to Dismiss, Plaintiff Global

Aerospace, Inc.'s ("Global's") Opposition to the Motion to Dismiss [DE 102]

("Opposition"), Platinum Jet's Reply [DE 104] ("Reply"), Global's Sur-Reply [DE 106-1],

Platinum Jet's Supplemental Memorandum in Support of the Motion to Dismiss [DE

132] ("Supplemental Memorandum"), Global's Opposition to the Supplemental

Memorandum [DE 134], and Platinum Jet's Reply [DE 138].  The Court has also

considered Platinum Jet's related Motion to Strike the Affidavit of Steven Ivans (DE

102-1) [DE 125] ("Motion to Strike"), Global's Opposition to the Motion to Strike [DE

131], Platinum Jet's Reply [DE 135], the record in this case, and is otherwise advised in

the premises.

## I. BACKGROUND

This action arises from the crash of a corporate jet operated by Defendant Platinum Jet Management, LLC ("Platinum Jet") at Teterboro Airport, New Jersey, on February 2, 2005. Platinum Jet is a private, luxury charter airline service that provides on-demand domestic and international air charter services to brokers and individual customers. Compl. ¶ 3. Plaintiff Global Aerospace, Inc. ("Global") is the agent and manager for the insurance companies that provided insurance for Platinum Jet pursuant to a Policy of Insurance ("Policy"). Id. ¶ 2. Global was responsible for the management and adjudication of any claims relating to the Teterboro crash. Id. After Global defended and settled numerous claims on behalf of Platinum Jet per the terms of the Policy, Global learned that a federal grand jury had indicted Platinum Jet's principals and certain employees for criminal acts that caused the crash. Id. ¶ 1.

### A. The Complaint

On May 21, 2009, based largely on the allegations in the federal indictment, Global filed the instant lawsuit against Platinum Jet and six of Platinum Jet's former employees (collectively "Defendants"). See Compl. In the Complaint, Global states that Defendants misled Global about the circumstances surrounding the plane crash and conspired with each other and third parties "to impede Global's investigative efforts for the purpose of obtaining insurance coverage benefits." Id. ¶ 1. The Complaint brings the following counts: declaratory judgment (Count I); breach of contract (Count II); fraud (Count III); civil conspiracy (Count IV); violation of the Federal RICO Act (Counts V and VI); violation of the Florida RICO Act (Counts VII and VIII); and alter ego liability (Count IX).

## B. Related Procedural Background

On July 13, 2009, when Platinum Jet failed to plead or otherwise defend this action, the Clerk of Court entered a default against Platinum Jet [DE 36].  Thereafter, the Court denied without prejudice Global's Motion for Default Judgment Against Platinum Jet [DE 69] on October 20, 2009, and Global's Renewed Motion for Default Judgment Against Platinum Jet [DE 99] on May 4, 2010.  The Court also denied Platinum Jet's Motion to Set Aside Clerk's Default on January 28, 2010 [DE 95].

On August 27, 2009, the Clerk of Court entered a default against Defendant Paul Brassington [DE 59], and on January 4, 2010, the Clerk of Court entered a default against Defendant Michael Brassington [DE 86].  On September 8, 2010, per the parties' Joint Motion to Dismiss With Prejudice [DE 113], the Court dismissed Defendants Joseph Singh, Brien McKenzie, and Francis Vieira [DE 118].  Accordingly the remaining defaulted defendants include Platinum Jet, Paul Brassington, and Michael Brassington.  The only remaining non-default defendant is Andre Budhan.

## C. Related Criminal Proceedings

The federal grand jury indicted Platinum Jet's principals and certain employees on January 23, 2009.  See Compl. Ex. B.  Many of the allegations in the civil Complaint are based on that indictment.  On November 15, 2010, the jury in the criminal matter, United States of America v. Michael Brassington, et al., Case No. 09-00045-DMC (D.N.J. 2009), returned its verdict against Michael Brassington and Paul Brassington. Second Joint Status Rep. at 1, Ex. A.  The jury found Michael Brassington guilty of conspiracy (Count I of the indictment), certain false statement charges (Counts II-VII and XXI), and endangering the safety of the aircraft (Count XX), and not guilty on all remaining counts.  Id.  The jury found Paul Brassington guilty of conspiracy (Count I),

3

and not guilty on all remaining counts. Id. Sentencing for Michael and Paul Brassington is set for March 17, 2011. Id. at 2. Andre Budhan and Joseph Singh previously pled guilty to conspiracy (Count I). Id. Exs. B, C. All criminal charges were dropped against Brien MacKenzie and Francis Vieira. Id. at 2.

### D. Motion to Dismiss and Motion to Strike

On June 1, 2010, Platinum Jet filed its Motion to Dismiss on the grounds that Global lacks standing to bring the claims set forth in the Complaint. See Mot. to Dismiss. On June 17, 2010, Defendant Budhan filed a Notice of Adoption of Platinum Jet's Motion to Dismiss for Lack of Subject Matter Jurisdiction [DE 103]. In the Supplemental Memorandum, Platinum Jet adds an argument that Global's Complaint "should be dismissed because it fails to allege citizenship of all members of an 'unincorporated association,'" and that amending the Complaint to add the citizenship of all members of the unincorporated association will destroy diversity jurisdiction. Supp. Mem. at 1.

Along with Global's Opposition to the Motion to Dismiss, Global filed the Declaration of Steven D. Ivans [DE 102-1] ("Ivans Declaration"). On September 17, 2010, Platinum Jet moved to strike the Ivans Declaration. Mot. to Strike at 3.

### II. LEGAL STANDARD

Federal courts are courts of limited jurisdiction. See 13 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice & Procedure § 3522 (2d ed. 1984 & Supp. 2008). A plaintiff may not bring a claim in federal court if the court does not have either federal question jurisdiction or diversity jurisdiction over the claim. Id. Furthermore, a claim cannot proceed in federal court if the plaintiff does not have standing. Valley Forge Christian Coll. v. Am. United for Separation of Church & State,

4

454 U.S. 464, 471 (1982).  Finally, federal courts also require that the party bringing an action be the real party in interest.  Fed. R. Civ. P. 17.

A motion to dismiss for lack of subject matter jurisdiction falls under Federal Rule of Civil Procedure 12(b)(1).  Rule 12(b)(1) encompasses both challenges based on the court's lack of federal subject matter jurisdiction and challenges based on lack of standing.  Stalley v. Orlando Reg'l Healthcare Sys., Inc., 524 F.3d 1229, 1232 (11th Cir. 2008) ("Because standing is jurisdictional, a dismissal for lack of standing has the same effect as a dismissal for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1)." (internal quotations omitted)); see also Holy Cross Hosp., Inc. v. Baskot, No. 10-62133-CIV, 2010 WL 5418999, at *2 (S.D. Fla. Dec. 23, 2010) ("Standing is jurisdictional in nature; therefore, Defendants proceeded under Rule 12(b)(1) to dismiss Count I for lack of standing.").

### III. ANALYSIS

Initially, the Court notes that it will not consider the Ivans Declaration in evaluating these issues.  Platinum Jet's Motion to Strike argues that the Court may not consider the Ivans Declaration because the Motion to Dismiss brings a facial challenge.  Mot. to Strike at 3.  A Rule 12(b)(1) challenge can be either "facial" or "factual."  Lawrence v. Dunbar, 919 F.2d 1525, 1528-29 (11th Cir. 1990).  Facial challenges attack subject matter jurisdiction based on the allegations in the complaint, and the district court takes the allegations in the complaint as true when deciding the motion.  Id. at 1529.  Factual attacks challenge subject matter jurisdiction in fact, encompassing matters outside of the pleadings, and therefore allow the district court to consider extrinsic evidence such as testimony and affidavits.  Id.  A motion to dismiss based solely on the allegations of the complaint and any exhibits attached to the complaint is a

facial attack.  See Stalley, 524 F.3d at 1233.  Platinum Jet's Motion to Dismiss

represents a facial challenge because it relies exclusively on the allegations of the

Complaint and the Policy that is attached as an exhibit to the Complaint.  See id.;

Lawrence, 919 F.2d at 1529.  Because the Court may not consider extrinsic evidence in

a facial challenge, see Lawrence, 919 F.2d at 1529, the Court will strike the Ivans

Declaration, and will rely solely on the Complaint and attached exhibits in its analysis.

Platinum Jet's Motion to Dismiss and the related briefing raises the following

issues: (1) the Court's subject matter jurisdiction, (2) Global's standing, and (3) the real

party in interest.  As discussed below, the Court finds that federal subject matter

jurisdiction exists over this action, that Global has standing to sue, and that Global is

the real party in interest.[1]

## A. Federal Subject Matter Jurisdiction

Federal subject matter jurisdiction exists only when a controversy involves a

question of federal law or diversity of citizenship between the parties.  See 28 U.S.C. §§

1331-1332.  When a case involves additional claims forming part of the same case or

---

[1] The fact that Platinum Jet is in default does not bar its subject matter
jurisdiction and standing challenges.  See Herskowitz v. Reid, 187 Fed. App'x 911, 913
(11th Cir. 2006) (holding district court did not err in addressing subject matter
jurisdiction *sua sponte*, despite defendant's default); see also Stalley v. Orlando Reg'l
Healthcare Sys., Inc., 524 F.3d 1229, 1232 (11th Cir. 2008).  These issues may not be
waived, and the Court may even address subject matter jurisdiction and standing issues
*sua sponte*.  Howard v. Lemmons, 547 F.2d 290, 290 n.1 (5th Cir. 1977) ("there is no
doubt that the District Court could dismiss the plaintiff's action *sua sponte* for failure of
federal jurisdiction pursuant to F.R.C.P. 12(h)(3) . . .").  However, the related issue of
party in interest under Rule 17 is waivable.  Steger v. Gen. Elec. Co., 318 F.3d 1066,
1080 (11th Cir. 2003) (quoting Rule 17 advisory committee notes (1966)) (unlike
standing, "the real-party-in-interest defense . . . is not jurisdictional, but is, indeed, freely
waivable.") Neither party has argued that Platinum Jet has waived a real party in
interest defense, but regardless, as discussed below, Global is the real party in interest.

controversy as those over which there is federal subject matter jurisdiction, the court may assert supplemental jurisdiction over the additional claims. See 28 U.S.C. § 1367.

Platinum Jet challenges this Court's subject matter jurisdiction, claiming that should Global amend its Complaint to add the underlying insurers as plaintiffs, the Court will no longer have diversity jurisdiction over this case. See Reply at 8-10; Supp. Mem. This argument is inapposite. In addition to diversity jurisdiction, Global's Complaint alleges that the Court has federal question jurisdiction over this matter. Compl. ¶ 10. Federal question jurisdiction is proper because Global's RICO claims arise under federal law, and the remaining state claims form part of the same case or controversy as the RICO claims, and thereby fall under the Court's supplemental jurisdiction. See Compl. Accordingly, as the issue of diversity jurisdiction is not dispositive because federal subject matter jurisdiction already exists, the Court will not dismiss this case for lack of federal subject matter jurisdiction.

## B. Standing

Even when federal subject matter jurisdiction exists, a party still may not bring a claim in federal court unless that party has standing to do so. Valley Forge, 454 U.S. at 471. The constitutional standing analysis requires the plaintiff to demonstrate that: (1) the plaintiff suffered an injury in fact; (2) the injury was causally connected to the defendant's action; and (3) the injury will be redressed by a judgment in the plaintiff's favor. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992).

The parties' dispute centers on the injury in fact requirement.[2] Injury in fact

---

[2] The Court finds that Global has adequately demonstrated the remaining two prongs of the standing test: (2) that the alleged injury in this case was causally connected to Defendants' actions; and (3) that the requested relief would redress this injury. Neither party argues otherwise.

requires "an invasion of a legally protected interest which is (a) concrete and particularized . . . and (b) actual or imminent, not conjectural or hypothetical." Id. at 560 (citations and internal quotations omitted); see also Stalley, 524 F.3d at 1232. At the motion to dismiss stage, general factual allegations of injury resulting from the defendant's conduct are sufficient to demonstrate that the plaintiff has standing. Bischoff v. Osceola Cnty., Fla., 222 F.3d 874, 878 (11th Cir. 2000).

Global's Complaint states that Platinum Jet's principals and employees "intentionally and wrongfully failed to disclose to Global the facts set forth in the indictment, and in some instances affirmatively misled Global." Compl. ¶ 1. These same individuals allegedly "conspired with each other and third parties to impede Global's investigative efforts for the purpose of obtaining insurance coverage benefits." Id.; see also id. ¶¶ 25-30 (listing individuals' specific fraudulent acts). Additionally, the Complaint identifies the claims that Global defended and settled on behalf of Platinum Jet, as well as those it was still in the process of defending at the time the Complaint was filed. Id. ¶¶ 32-37. In total, Global alleges that it paid over $25 million in defending and settling these claims. Opp'n at 2 (citing Compl. ¶¶ 31-37 (Global "paid substantial sums")). Finally, Global states that "[h]ad Defendants given Global full and complete information, Global would have immediately filed a lawsuit seeking a declaration of non-coverage, and would not have paid the money it did to settle claims and lawsuits arising from the crash at Teterboro Airport." Id. ¶ 42. Together, these factual allegations represent that the money Global paid and the resources it used in defending, settling, and investigating claims on behalf of Platinum Jet are concrete, actual injuries resulting from Defendants' conduct. This is enough to survive a motion to dismiss. See Bischoff, 222 F.3d at 878.

Platinum Jet concedes that the allegations that Global paid to defend and settle Platinum Jet's claims and that Global is responsible for managing and adjudicating claims arising under the Policy "would likely form the basis for GLOBAL to assert that it suffered an injury in fact sufficient to convey standing—either in that it indemnified[ ] PLATINUM for defense and settlement costs or that it incurred cost in the management and adjudication of PLATINUM's claim." Mot. to Dismiss at 8. Platinum Jet contends, however, that these allegations conflict with the terms of the Policy, whose terms "establish that GLOBAL had no contract rights or obligations under the Policy and that the financial impact, as a result of PLATINUM's claim, were suffered by the 'Companies'." Id. at 9. Eleventh Circuit precedent maintains that "when the exhibits contradict the general and conclusory allegations of the pleading, the exhibits govern," Crenshaw v. Lister, 556 F.3d 1283, 1292 (11th Cir. 2009) (quoting Griffin Indus., Inc. v. Irvin, 496 F.3d 1189, 1206 (11th Cir. 2007)) (holding that police report governed when the report refuted the complaint's speculative allegation about what officers saw). However, the Crenshaw rule does not apply here because Global's allegations are not general or conclusory, but instead are quite specific.

Nevertheless, even if the rule did apply, the Policy does not contradict the Complaint, but rather supports it. For instance, the fact that the Policy declares that it was issued through Global, see Policy at front page, Endorsement No. 9, supports the assertions that "Global issued a contract of insurance . . . to Platinum Jet," Compl. ¶ 12, and that "Global [is] the designated agent and manager for the insuring companies," id. ¶ 14. Global's President's and Secretary's signatures, see Policy at 17, support the claim that "Global and Platinum Jet entered into an enforceable contract of insurance," Compl. ¶ 51. The Policy states that it cannot be amended without Global's consent,

see id. at 25, which supports the contention that Global had responsibility under the Policy, see Compl. ¶ 2.  Similarly, the Policy states that it may be cancelled by "mailing to the Company or to Global Aerospace, Inc. written notice stating when thereafter the cancellation shall be effective." Id. at 26.  Nothing in the Policy refutes the statements that Global made the decision to provide coverage to Platinum Jet after the Teterboro crash, Compl. ¶ 29, Platinum Jet tendered all of its claims to Global, id. ¶ 17, or Global spent the money and resources to defend and settle Platinum Jet's lawsuits, id. ¶¶ 18, 32-38.  In fact, every page of the Policy includes Global's name and symbol.  See Policy.  Moreover, Global executed every one of the eighteen endorsements to the Policy.  See id. at Endorsements.  Therefore, in accordance with the allegations in the Complaint and the supporting exhibits, the Court finds that Global suffered its own injury in fact resulting from Defendants' conduct, and therefore has standing to sue in its own right.[3]

### C. Real Party in Interest

In addition to the federal subject matter jurisdiction and constitutional standing requirements, Federal Rule of Civil Procedure 17 requires that a plaintiff bringing a

---

[3] Even if Global were not bringing this action on its own behalf, but merely "as the agent and manager for an unincorporated association," Supp. Mem. at 1, as Platinum Jet suggests, Global would still have standing to sue as an agent.  An agent who contracts in his own name may sue on that contract without joining his principal. Lubbock Feed Lots, Inc. v. Iowa Beef Processors, Inc., 630 F.2d 250, 258 (5th Cir. 1980) (citing Restatement 2d of Agency § 364 (1957)); see also Bache & Co. v. Int'l Controls Corp., 324 F. Supp. 998, 1004-05 (S.D.N.Y. 1971) (citing Farmers Underwriters Ass'n v. Wanner, 30 F. Supp. 358 (D. Id. 1938) and Albany & Rensselaer Iron & Steel Co. v. Lundberg, 121 U.S. 451 (1887)).  An agent who is not a party promisee may still bring suit on a contract in his own name if he "has an interest in the subject matter of the contract made by him on behalf of his principal." Id.  Accordingly, Global would still have standing to bring this action as an agent of the underlying insurers.

10

federal action be the "real party in interest," Fed. R. Civ. P. 17(a), meaning "the party who, by the substantive law, has the right sought to be enforced."[4] Lubbock Feed Lots, Inc. v. Iowa Beef Processors, Inc., 630 F.2d 250, 257 (5th Cir.1980).  Though the notion of real party in interest closely resembles standing in that "both terms are used to designate a plaintiff who possesses a sufficient interest in the action to be entitled to be heard on the merits[,] . . . other elements of the standing doctrine are clearly unrelated to . . . Rule 17(a)." 6A Wright & Miller, Federal Practice & Procedure § 1542 (Supp. 2009).  Rule 17 is meant "to protect the defendant against a subsequent action by the party actually entitled to recover, and to insure generally that the judgment will have its proper effect as res judicata." Steger v. Gen. Elec. Co., 318 F.3d 1066, 1080 (11th Cir. 2003) (quoting Rule 17 advisory committee notes (1966)).

Global is the real party in interest in this case. "As the managing agent, Global underwrote the Policy, issued the Policy, and provided all defense and indemnification benefits for claims arising thereunder." Opp'n at 2; Compl. ¶¶ 12-15.  The front page of the Policy declares that it is issued "through Global Aerospace, Inc." Policy at front page.  The Policy is signed by "Leonidas G. Demas, Secretary Global Aerospacek Inc." and "A.J. Medniuk, President & C.F.O. Global Aerospace, Inc." Id. at 27.  Furthermore, the Policy states, "the Insured shall immediately forward to Global Aerospace, Inc. every demand, notice, summons or other process," id. at 25, and that the Policy's terms shall not be waived or changed "except by endorsement issued to form a part of this

---

[4] The parties do not specifically identify the real party in interest defense as a separate issue in their memoranda, but in the course of arguing whether Global has standing, the parties also dispute whether Global is the real party in interest in this case. See, e.g., Mot. to Dismiss at 5 (discussing Rule 17); Sur-Reply at 2 ("Global is a Party-in-Interest to the Insurance Contract").

policy signed by a duly authorized representative of Global Aerospace, Inc.," id.

As a contracting party to the Policy, Global has the rights sought to be enforced in this case, and is therefore the party in interest. See Fed. R. Civ. P. 17.  Additionally, Platinum Jet, by its actions, recognized Global as the real party in interest when it tendered to Global all claims arising from the Teterboro crash.  Compl. ¶¶ 16-17. Platinum Jet never objected when Global hired a claims adjuster to investigate the crash and appraise the property damage, appointed counsel to defend Platinum Jet, and paid over $25 million in defending and settling claims against Platinum Jet.  Id. ¶¶ 16-17, 31-37.  Accordingly, Global is the real party in interest under Rule 17, and is therefore the proper party to bring this case.[5]

### IV. CONCLUSION

Based on the foregoing, it is hereby

**ORDERED AND ADJUDGED** as follows:

1.  Defendant Platinum Jet Management, LLC's Motion to Dismiss for Lack of

    Subject Matter Jurisdiction [DE 101] is **DENIED**;

2.  Defendant Platinum Jet Management, LLC's Motion to Strike the Affidavit of

---

[5] Even if Global was not a contracting party, but was merely "bringing this action as the agent and manager for an unincorporated association," Supp. Mem. at 1, as Platinum Jet suggests, Rule 17 would still permit Global to bring this case without joining the members of the Company. See Fed. R. Civ. P. 17.  Rule 17(a) provides that "a party with whom or in whose name a contract has been made for another's benefit" may sue in its own name without joining a person for whose benefit the action is brought.  Id. § (F).  Even if Global represents the insurers in this case, Global still created the contract at issue with Platinum Jet.  Accordingly, Global is the party in interest under Rule 17 whether it brings this case on its own behalf or as the agent for the underlying insurers.  See id.; see also Farmers Underwriters, 30 F. Supp. at 360 (classifying managing agent of insurance pool as real party in interest under Rule 17(a)).

Steven Ivans (DE 102-1) [DE 125] is **GRANTED**.  The Affidavit of Steven Ivans

[DE 102-1] is hereby **STRICKEN** and shall be removed from the Court's docket;

3. In accordance with the Court's Order Granting in Part Plaintiff's Second Motion

for Enlargement of Pretrial and Trial Deadlines [DE 142] and the parties' Second

Joint Status Report [DE 143], the Court will issue a separate Scheduling Order

setting the remaining pretrial deadlines.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County,

Florida, on this 22nd day of January, 2011.

**JAMES I. COHN**
**UNITED STATES DISTRICT JUDGE**

Copies provided to:
Counsel of record via CM/ECF

13