UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 09-60756-CIV-COHN/SELTZER

GLOBAL AEROSPACE, INC.,

    Plaintiff,

v.

PLATINUM JET MANAGEMENT, LLC,
et al.,

    Defendants.
_____/

## ORDER GRANTING PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL AS TO DEFENDANT ANDRE BUDHAN

**THIS CAUSE** is before the Court on Plaintiff Global Aerospace, Inc.'s Motion for Voluntary Dismissal as to Defendant Andre Budhan [DE 150] ("Motion"). The Court has considered the Motion, Mr. Budhan's Response [DE 154], Plaintiff's Reply [DE 157], the record in this case, and is otherwise advised in the premises.

### I. BACKGROUND

This action arises from the crash of a corporate jet operated by Defendant Platinum Jet Management, LLC ("Platinum Jet") at Teterboro Airport, New Jersey, on February 2, 2005. See Complaint [DE 1]. Platinum Jet is a private, luxury charter airline service that provides on-demand domestic and international air charter services to brokers and individual customers. Compl. ¶ 3. Platinum Jet owned and operated the aircraft that crashed. See id. ¶¶ 16-17. Mr. Budhan, along with Co-Defendants Michael Brassington and Paul Brassington, was a managing member of Platinum Jet. Id. ¶¶ 4-6. Plaintiff Global Aerospace, Inc. ("Global") is the agent and manager for the insurance companies that provided insurance for Platinum Jet pursuant to a Policy of

Insurance ("Policy"). Id. ¶ 2. Global was responsible for the management and adjudication of any claims relating to the Teterboro crash. Id. After Global defended and settled numerous claims on behalf of Platinum Jet per the terms of the Policy, Global learned that a federal grand jury had indicted Platinum Jet's principals and certain employees for criminal acts that caused the crash. Id. ¶ 1; See Compl. Ex. B.

### A. The Complaint

On May 21, 2009, based largely on the allegations in the federal indictment, Global filed the instant lawsuit against Platinum Jet and six of Platinum Jet's former employees (collectively "Defendants"). See Compl. In the Complaint, Global alleges that Defendants misled Global about the circumstances surrounding the plane crash and conspired with each other and third parties "to impede Global's investigative efforts for the purpose of obtaining insurance coverage benefits." Id. ¶ 1. The Complaint brings the following counts against Mr. Budhan: fraud (Count III); civil conspiracy (Count IV); violation of the Federal RICO Act (Counts V and VI); violation of the Florida RICO Act (Counts VII and VIII); and alter ego liability (Count IX).

### B. Related Procedural Background

On July 13, 2009, August 27, 2009, and January 4, 2010, the Clerk of Court entered defaults against Defendants Platinum Jet, Paul Brassington, and Michael Brassington, respectively, for their failure to plead or otherwise defend this action. See Clerk's Order of Default against Platinum Jet [DE 36]; Clerk's Order of Default against Paul Brassington [DE 59]; Clerk's Order of Default against Defendant Michael Brassington [DE 86]. On September 8, 2010, per the parties' Joint Motion to Dismiss With Prejudice [DE 113], the Court dismissed Defendants Joseph Singh, Brien

2

McKenzie, and Francis Vieira [DE 118].

Accordingly, the only remaining non-default defendant is Mr. Budhan. On June 22, 2009, in the related criminal matter, United States of America v. Michael Brassington, et al., Case No. 09-00045-DMC (D.N.J. 2009), Mr. Budhan pled guilty to conspiracy (Count I). Exhibit B [DE 143-2] to Second Joint Status Report [DE 143].

### C. Motion for Voluntary Dismissal as to Mr. Budhan

On February 25, 2011, Global filed its Motion for Voluntary Dismissal as to Mr. Budhan. Global explains that "even though Mr. Budhan pled guilty to the criminal acts which form the basis of Global's Complaint, Mr. Budhan is likely judgment proof and thus it is a waste of resources to continue pursuing this action against him. Accordingly, Global has decided to voluntarily dismiss its civil claims against Mr. Budhan without prejudice, and will rely instead on the criminal restitution order that will be entered against Mr. Budhan." Mot. at 2. Mr. Budhan consents to dismissal, but requests that the Court condition dismissal upon Global reimbursing Mr. Budhan for the fees and costs he has expended in defending this suit. Resp. at 1, 2.

### II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 41(a)(2), "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). "In exercising its 'broad equitable discretion under Rule 41(a)(2),' the district court must 'weigh the relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate.'" Pontenberg v. Boston Scientific Corp., 252

F.3d 1253, 1256 (11th Cir. 2001) (quoting McCants v. Ford Motor Co., Inc., 781 F.2d 855, 857 (11th Cir. 1986)).

"The crucial question to be determined is, would the defendant lose any substantial right by the dismissal." Pontenberg, 252 F.3d at 1255. "[I]n most cases a dismissal should be granted unless the defendant will suffer clear legal prejudice, other than the mere prospect of a subsequent lawsuit, as a result." McCants, 781 F.2d at 857 (emphasis omitted). However, "[a] plaintiff ordinarily will not be permitted to dismiss an action without prejudice under Rule 41(a)(2) after the defendant has been put to considerable expense in preparing for trial, except on condition that the plaintiff reimburse the defendant for at least a portion of his expenses of litigation." McCants, 781 F.2d at 860.

## III. ANALYSIS

Weighing the equities in this case, the Court will dismiss Global's claims against Mr. Budhan without prejudice despite Mr. Budhan's objection regarding reimbursing him for his expenses in defending the suit. See McCants, 781 F.2d at 859 (affirming district court's dismissal without prejudice despite objection regarding awarding costs). Mr. Budhan has not demonstrated that he will suffer any legal prejudice as a result of such dismissal. He has not alleged that Global delayed or failed to act diligently in prosecuting this case, nor has he alleged that Global presented an insufficient explanation for dismissing the claims against him. There are no pending counterclaims or summary judgment motions that would be unfairly affected by dismissal. See Fed. R. Civ. P. 41(a)(2) (advising that when there is a pending counterclaim, the court should only dismiss an action over a defendant's objection if the counterclaim can remain

pending for independent adjudication); see also McBride v. JLG Indus., Inc., 189 F. App'x 876, 878 (11th Cir. 2006) (finding no abuse of discretion when district court denied voluntary dismissal because plaintiff was attempting to use dismissal to avoid adverse rulings on defendants' pending summary judgment motions). In fact, Mr. Budhan "does not oppose dismissal of Global's case." Resp. at 1.

As Mr. Budhan states in his Response, the only issue "is whether dismissal should be conditioned on an order requiring Global to pay attorneys' fees and costs to Budhan." Resp. at 5. Ordinarily a court will only impose such a requirement when the defendant "has been put to considerable expense in preparing for trial." McCants, 781 F.2d at 860 (emphasis added). Mr. Budhan was not "put to considerable expense" here, so the Court will not require Global to reimburse his costs and fees. See id.

Mr. Budhan had not filed any substantive, in-depth motions. See Potenberg, 252 F.3d at 1256 (dismissed claims without imposing costs even despite motions to exclude expert testimony and motion for summary judgment). Specifically, as Global notes, "of the one hundred fifty five documents filed with the Court, Budhan has only authored ten and the majority of those were relatively short and of minor consequence." Reply at 3. Mr. Budhan has not proven that he expended any significant time engaging in discovery either. Rather, he referred Global to the documents that his co-defendant, Platinum Jet, supplied to the Government in the criminal proceeding. Id. He has expended significantly fewer resources than the defendant in Potenberg, considering that here, unlike in Potenberg, the discovery deadlines have not yet passed, there have been no expert reports filed or excluded, and there are no pending summary judgment motions. See Potenberg, 252 F.3d at 1256. The district court in Potenberg granted voluntary

5

dismissal without imposing costs despite the fact that the defendant had spent some time and energy defending the case. See id. Here, Mr. Budhan spent even less time and energy on his defense.

Mr. Budhan nonetheless cites Herkemij & Partners Knowledge, B.V. v. Ross Systems, Inc., 2006 WL 5328578 (N.D. Ga. 2006), for the proposition that he should be reimbursed for his great expense in preparing for trial. Resp. at 4. Unlike the Herkemij defendant, who engaged in extensive discovery and litigation over a two-year period, see 2006 WL 532857, at *3, Mr. Budhan has not done so here. See, e.g., Motion to Compel [DE 146]. Additionally, in Herkemij, there was a point where the plaintiff should have dismissed its claims but persisted with its case anyway, so the court required the plaintiff to reimburse the defendants for fees and expenses incurred after that point. Herkemij, 2006 WL 532857, at *5. Mr. Budhan does not argue that Global delayed in filing for dismissal of its claims in this case, nor does the Court find any evidence that Global should have dismissed its claims earlier but failed to do so. Instead of continuing its prosecution and wasting both parties' resources like the Herkemij plaintiff, see id., Global wishes to dismiss its claims against Mr. Budhan specifically to avoid a "waste of resources," Mot. at 2. Thus, the Court will not require that Global reimburse Mr. Budhan for his fees and costs.

Instead, in light of Mr. Budhan's consent to dismissal, and in light of the Court's finding that Mr. Budhan will not suffer any legal prejudice because of dismissal, the Court will dismiss Global's claims against Mr. Budhan without prejudice and order that each party bear its own fees and costs. The Court does acknowledge that even though Mr. Budhan has not incurred considerable expenses, he has spent some amount of

time and resources in defending the case thus far. Therefore, should Global re-file its claims against Mr. Budhan, the Court will consider an award of costs to Mr. Budhan pursuant to Rule 41(d) at that time. See Potenberg, 252 F.3d at 1360 (finding district court within its discretion to condition voluntary dismissal on a Rule 41(d) award of costs should plaintiff re-file her action).

## IV. CONCLUSION

Based on the foregoing, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff Global Aerospace, Inc.'s Motion for Voluntary Dismissal as to Defendant Andre Budhan [DE 150] is **GRANTED**. All claims asserted against Defendant Andre Budhan in the above-captioned action are hereby **DISMISSED without prejudice**, with each party to bear its own fees and costs.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this __6th__ day of April, 2011.

JAMES I. COHN
UNITED STATES DISTRICT JUDGE

Copies provided to:
Counsel of record via CM/ECF