UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 09-60756-CIV-COHN/SELTZER

GLOBAL AEROSPACE, INC.,

    Plaintiff,

v.

PLATINUM JET MANAGEMENT, LLC,
et al.,

    Defendants.
_____/

## ORDER DENYING MOTION TO STRIKE

**THIS CAUSE** is before the Court on Plaintiff Global Aerospace, Inc.'s ("Global's") Motion to Strike Defendant Platinum Jet Management, LLC's ("Platinum Jet's") Renewed Motion to Dismiss for Lack of Subject Matter Jurisdiction [DE 174] ("Motion to Strike"). The Court has considered the Motion to Strike and the record in this case, and is otherwise advised in the premises.

The Court's Amended Scheduling Order [DE 145] set May 6, 2011 as the deadline for filing dispositive motions in this case. Two weeks after that deadline expired, on May 20, 2011, Platinum Jet filed its Motion to Dismiss for Lack of Subject Matter Jurisdiction [DE 172] ("Motion to Dismiss"). Now, Global requests that the Court strike Platinum Jet's Motion to Dismiss as untimely because it was filed after the dispositive motions deadline expired and without a request for an extension of that deadline. For the reasons set forth below, the Court will deny Global's request.

Pursuant to Federal Rule of Civil Procedure 12(h), "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h). A challenge to subject matter jurisdiction therefore cannot be waived, and the Court may even address subject matter jurisdiction *sua sponte*.

Howard v. Lemmons, 547 F.2d 290, 290 n.1 (5th Cir. 1977) ("there is no doubt that the District Court could dismiss the plaintiff's action *sua sponte* for failure of federal jurisdiction").  The fact that Platinum Jet is in default does not bar its subject matter jurisdiction challenge.  See Herskowitz v. Reid, 187 Fed. App'x 911, 913 (11th Cir. 2006) (holding district court did not err in addressing subject matter jurisdiction *sua sponte*, despite defendant's default); see also Stalley v. Orlando Reg'l Healthcare Sys., Inc., 524 F.3d 1229, 1232 (11th Cir. 2008).

Additionally, under Federal Rule of Civil Procedure 60(b)(4), "a court may relieve a party from an order or final judgment that is void."  Oakes v. Horizon Fin., S.A., 259 F.3d 1315, 1318-19 (11th Cir. 2001).  "A judgment is 'void' under Rule 60(b)(4) if it was rendered without jurisdiction of the subject matter . . ."  Id.  Therefore, the Court finds it prudent to ensure that subject matter jurisdiction exists before ruling on the pending Motion for Default Judgment [DE 166].  Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Motion to Strike Defendant's Renewed Motion to Dismiss for Lack of Subject Matter Jurisdiction [DE 174] is **DENIED**.  Plaintiff's Response to Defendant's Renewed Motion to Dismiss for Lack of Subject Matter Jurisdiction [DE 172] remains due by no later than **May 31, 2011**, and any Reply remains due by **June 3, 2011**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 23rd day of May, 2011.

*/s/ James I. Cohn*
JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF